UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE MUHAMMAD,<br><br>      Plaintiff,<br><br>    v.<br><br>KOMIN, et al.,<br><br>      Defendants. | 1:15-cv-01373-EPG (PC)<br><br>ORDER RESPONDING TO PLAINTIFF'S NOTIFICATION AND GIVING LEAVE TO FILE A SECOND AMENDED COMPLAINT<br><br>(ECF No. 13) |

      Maurice Muhammad ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on September 8, 2015 (ECF No. 1).[1]

      Plaintiff filed a First Amended Complaint (1AC) on October 3, 2016, (ECF No. 11) and this Court issued a screening order pursuant to 28 U.S.C. § 1915A on December 19, 2016. (ECF No. 12.) This Court found that the 1AC states a cognizable claim against Defendants Komin and Mitchell in their individual capacities for violation of the First Amendment free exercise clause, as well as against Defendants Komin and Mitchell in their official capacities

---

[1] Plaintiff has consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c) (ECF No. 7), and no other parties have made an appearance. Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

for violation of RLUIPA. (*Id*.)  The Court also found that Plaintiff failed to state any other cognizable claims. (*Id*.)   Specifically, the Court set out the standards applicable to First Amendment retaliation claims and found that Plaintiff has not alleged facts that, if true, would establish that Defendants Komin and Mitchell acted in retaliation for Plaintiff exercising his constitutional rights, nor that Plaintiff's conduct was chilled as a result. (*Id*. at 7.)

Plaintiff was granted leave to file an amended complaint or notify the Court that he is willing to proceed only on the claims found cognizable by the Court, subject to an order that the non-cognizable claims be dismissed from the action. (*Id.* at 9.)   The Court gave very detailed instructions concerning filing a Second Amended Complaint, if Plaintiff chose that option. (*Id*. at 9-10.)

On January 19, 2017, Plaintiff filed a notice informing the Court that he is willing to proceed only on the cognizable First Amendment and RLUIPA claims against Defendants Komin and Mitchell.  (ECF No. 13.)  Additionally, Plaintiff included an addendum addressing the issue of exhaustion of administrative remedies. (*See id*. at 2.)   In the context of that explanation, Plaintiff states that after he filed an 602 complaint against Komin and Mitchell for Ramadan/Eid violations, Komin and Mitchell banned the Nation of Islam's Ramadan/Eid from Delano's 2015 roster and was later subject to retaliation in the form of "physical assault and fraudulent write-ups for exercising his right to appeal." (*Id*.)

The Court is not making a determination regarding exhaustion at this time.  Exhaustion of administrative remedies is an affirmative defense, which Defendants may raise after the complaint has been served.  That said, the allegations in the notification regarding exhaustion appear to give rise to a retaliation claim.  The Court previously found that the First Amended Complaint did not adequately allege retaliation in violation of the First Amendment.  However, if Plaintiff were to file an amended complaint that added the allegations that were in that notification, it is likely that the Court would permit a retaliation claim to go forward.

The Court may not consider the additional allegations if they are not incorporated into an amended complaint. *See Lacey v. Maricopa County*, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (en banc) (providing that an amended complaint supersedes the original and must be complete

in itself without reference to the prior or superseded pleading); *see also* CAED-LR 220 (providing that every pleading to which an amendment or supplement is permitted as a matter of right or has been allowed by court order shall be retyped and filed so that it is complete in itself without reference to the prior or superseded pleading).  Therefore, if Plaintiff wishes to allege a retaliation claim based on the facts included in his notification (ECF No. 13), Plaintiff needs to file an amended complaint that includes the previous facts and claims that the Court found cognizable in its December 19, 2016 order (ECF No. 12) and add the facts that were included in Plaintiff's January 19, 2017 notification (ECF No. 13).

The Court will thus permit an additional opportunity for Plaintiff to file an amended complaint within 30 days of this order.  If the Plaintiff again elects to file a notice indicating that he is willing to go forward only on the cognizable claims, the Court will dismiss the retaliation claim.  If the Plaintiff, instead, elects to file an amended complaint, the Court will screen the amended complaint pursuant to its authority in 28 U.S.C. § 1915A.  If Plaintiff elects to file an amended complaint, he should closely follow the detailed instructions provided by the Court in its December 9, 2016, screening order. (ECF No. 12)

Based on the foregoing, it is **HEREBY ORDERED** that:

1. The Clerk's Office shall send Plaintiff:
   a. a civil rights complaint form; and
   b. a copy of the Court's December 9, 2016 order (ECF No. 12)
2. Plaintiff may file a Second Amended Complaint curing the deficiencies identified by the Court in this order if he believes additional true factual allegations would state any additional claims or claims against any additional defendants, within **thirty (30) days** from the date of service of this order;
3. If Plaintiff chooses to file an amended complaint, Plaintiff shall caption the amended complaint "Second Amended Complaint" and refer to the case number 1:15-cv-01373-EPG-PC; or

4. Plaintiff may instead notify the Court that he is willing to go forward with his complaint only on the claims allowed in this order, for the First Amendment Free Exercise and RLUIPA claims against Defendants Komin and Mitchell.

5. If Plaintiff fails to file an amended complaint or notify the Court to go forward with the cognizable claims within 30 days, the Court may dismiss Plaintiff's case for failure to comply with a Court order.[2]

IT IS SO ORDERED.

Dated:   **February 10, 2017**                    /s/ Erica P. Grosjean
                                                  UNITED STATES MAGISTRATE JUDGE

---

[2] Again, the Court is not making any ruling at this time regarding the issue of exhaustion of administrative remedies.