# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE MUHAMMAD,<br><br>    Plaintiff,<br><br>v.<br><br>KOMIN, MITCHELL,<br><br>    Defendants. | Case No. 1:15-cv-01373-DAD-EPG (PC)<br><br>**DISCOVERY ORDERS FOLLOWING INITIAL SCHEDULING CONFERENCE** |

      Maurice Muhammad ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding on two claims in the First Amended Complaint against Defendants Komin and Mitchell in their individual capacities for violation of the First Amendment free exercise clause, as well as against Defendants Komin and Mitchell in their official capacities for violation of RLUIPA. (ECF No. 16.) On February 7, 2018, the Court held an Initial Scheduling Conference ("Conference"). Plaintiff telephonically appeared on his own behalf. Counsel Leslie M. Dillahunty telephonically appeared on behalf of Defendants. This order summarizes and restates certain orders made on the record at that conference.

\\\

\\\

**A. Plaintiff's Failure to Provide Initial Disclosures and Order to Do So**

On June 28, 2017, the Court entered an order requiring initial disclosures and setting mandatory scheduling conference for October 2, 2017. (ECF No. 21.) The parties were ordered to exchange initial disclosures within 30 days of the order and be prepared to discuss a range of issues at the mandatory scheduling conference. (*Id*.) The parties were ordered to file a scheduling conference statement confirming the date that initial disclosures were served and any deficiencies in either party's disclosures. (*Id*.)

Plaintiff did not comply with the Court's June 28, 2017 Order. He did not make initial disclosures. He did not file a scheduling conference statement. He did not appear at the October 2, 2017 mandatory scheduling conference. Last, mail sent to Plaintiff on June 28, 2017 was returned as undeliverable, so he also did not keep the Court informed of his current address.

On October 3, 2017, the Court ordered Plaintiff to Show Cause why this case should not be dismissed for failure to prosecute and failure to comply with Court orders. (ECF No. 25.) Plaintiff responded to the Order to Show Cause on November 6, 2017. (ECF No. 26.) He indicated that he had been released from prison and was suffering from mental illness and homelessness and asked for more time to comply with the Court's orders.

On November 28, 2017, the Court entered an Order discharging the October 3 Order to Show Cause. (ECF No. 28.) The Court noted that there was already a "substantial record of noncompliance with Court directives" and "any further compliance failures will likely result in dismissal of this case." (*Id*.) The Court further Ordered that another copy of its June 28, 2017 Order (ECF No. 21) be sent to Plaintiff. (*Id*.) The Order directed Plaintiff shall make initial disclosures, as described in the June 28 Order, within 30 days, and reset the scheduling conference for February 7, 2018. (*Id*.)

Plaintiff appeared by telephone for the February 7, 2018 scheduling conference. However, Plaintiff still had not made initial disclosures as previously directed on two prior occasions. Similarly, Plaintiff still had not filed a scheduling conference statement as required by the June 28, 2017 Order. However, Plaintiff indicated that he intended to prosecute this

1  case and that he would comply with Court orders.

2  At the February 7, 2018 scheduling conference, the Court discussed the initial disclosure requirements of its June 28, 2017 Order with Plaintiff. The Court explained that Plaintiff needed to give Defendants a list of the persons who know about his case and describe documents relevant to the case. The Court answered any questions about initial disclosures. The Court gave Plaintiff another 30 days to give this information to Defendants. This is important information, and also is necessary to show that Plaintiff can comply with Court orders.

Again, it is ORDERED that Plaintiff provide Defendants with initial disclosures within 30 days of this order. In order to comply, Plaintiff needs to send defense counsel a list of the names of people who know about the incident in the lawsuit and a list of documents or categories of documents that are relevant to the lawsuit.

**B. Rule 16 Discovery Orders**

Also during the Conference, and with the benefit of the scheduling conference statement provided by Defendants, the Court and the parties discussed relevant documents in this case and their possible locations. In addition to opening discovery generally, the Court ordered that certain documents that are central to the dispute be promptly produced.

Therefore, in an effort to secure the just, speedy, and inexpensive disposition of this action,[1] and after consideration of Federal Rule of Civil Procedure 26(b)(1),[2] IT IS ORDERED[3]

---

[1] *See*, *e.g.*, *United States v. W.R. Grace*, 526 F.3d 499, 508–09 (9th Cir. 2008) ("We begin with the principle that the district court is charged with effectuating the speedy and orderly administration of justice. There is universal acceptance in the federal courts that, in carrying out this mandate, a district court has the authority to enter pretrial case management and discovery orders designed to ensure that the relevant issues to be tried are identified, that the parties have an opportunity to engage in appropriate discovery and that the parties are adequately and timely prepared so that the trial can proceed efficiently and intelligibly.").

[2] Federal Rule of Civil Procedure 26 provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Ibid*.

[3] Pursuant to Federal Rule of Civil Procedure 16, "[a]t any pretrial conference, the court may consider and take appropriate action on the following matters: . . . controlling and scheduling discovery, including orders affecting disclosures and discovery under Rule 26 and Rules 29 through 37" and "facilitating in other ways the just, speedy, and inexpensive disposition of the action." Fed. R. Civ. P. 16(c)(2)(F). *See also Little v. City of*

that:

1. Each party has until March 8, 2018, to:

    a. Provide the opposing party with copies of all documents currently in their possession related to any administrative grievances dated from 2014 until 2016 concerning Plaintiff's request for a Ramadan accommodation at the Delano facility; and

    b. Provide the opposing party with copies of all documents in their possession related to Plaintiff's request for a Ramadan accommodation dated from 2014 until 2016 concerning Plaintiff's request for a Ramadan accommodation at the Delano facility.

2. Additionally, if the parties obtain additional documents falling within these categories, they shall supplement their production promptly following such search. Parties do not have to re-produce documents they have already produced;[4]

3. If either party has an objection to providing these documents to the opposing party, that party shall inform the opposing party that he or she is making the objection and include a privilege log of any documents withheld on the basis of privilege, and otherwise follow the procedures set forth in the Court's scheduling order;

\\\

\\\

\\\

---

*Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) ("The district court has wide discretion in controlling discovery."). Federal Rule of Civil Procedure 16 vests the district court with early control over cases "toward a process of judicial management that embraces the entire pretrial phase, especially motions and discovery." *In re Arizona*, 528 F.3d 652, 655 (9th Cir. 2008) (affirming district court's requiring that prison officials prepare a *Martinez* report to give detailed factual information involving a prisoner's suit under 42 U.S.C. § 1983 and stating "district courts have wide latitude in controlling discovery."). *See also* Advisory Committee Notes to 1993 Amendment to Federal Rules of Civil Procedure regarding Rule 26(a) ("The enumeration in Rule 26(a) of items to be disclosed does not prevent a court from requiring by order or local rule that the parties disclosed additional information without a discovery request.").

[4] This order does not require either party to perform a search for additional documents in their custody or control, but not within the parties' possession, at this time. If either party obtains such documents in the future, they shall produce them to the other party. This order does not limit the scope of any discovery requests, which may impose an obligation to perform such a reasonable search for additional documents.

4

4. An objection or privilege assertion can be challenged by filing a motion to compel.

IT IS SO ORDERED.

Dated: **February 8, 2018**

/s/ Eric P. Grosjean
UNITED STATES MAGISTRATE JUDGE