UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE MUHAMMAD,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>KOMIN, MITCHELL,<br><br>　　　　　Defendants. | Case No. 1:15-cv-01373-DAD-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS THAT THIS CASE BE DISMISSED FOR PLAINTIFF'S FAILURE TO COMPLY WITH A COURT ORDER AND FAILURE TO PROSECUTE<br><br>OBJECTIONS, IF ANY, DUE WITHIN 21 DAYS |

Maurice Muhammad ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding on two claims in the First Amended Complaint against Defendants Komin and Mitchell in their individual capacities for violation of the First Amendment free exercise clause, as well as against Defendants Komin and Mitchell in their official capacities for violation of RLUIPA. (ECF No. 16.)

## I. BACKGROUND

On June 28, 2017, the Court entered an order requiring initial disclosures and setting a mandatory scheduling conference for October 2, 2017. (ECF No. 21.) The parties were ordered to exchange initial disclosures within 30 days of the order and be prepared to discuss a range of issues at the mandatory scheduling conference. (*Id*.) The parties were ordered to file a

scheduling conference statement confirming the date that initial disclosures were served and any deficiencies in either party's disclosures. (*Id*.)

Plaintiff did not comply with the Court's June 28, 2017 Order. He did not make initial disclosures. He did not file a scheduling conference statement. He did not appear at the October 2, 2017 mandatory scheduling conference. Last, mail sent to Plaintiff on June 28, 2017 was returned as undeliverable, so he also did not keep the Court informed of his current address.

On October 3, 2017, the Court ordered Plaintiff to Show Cause why this case should not be dismissed for failure to prosecute and failure to comply with Court orders. (ECF No. 25.) Plaintiff responded to the Order to Show Cause on November 6, 2017. (ECF No. 26.) He indicated that he had been released from prison and was suffering from mental illness and homelessness and asked for more time to comply with the Court's orders.

On November 28, 2017, the Court entered an Order discharging the October 3 Order to Show Cause. (ECF No. 28.) The Court noted that there was already a "substantial record of noncompliance with Court directives" and "any further compliance failures will likely result in dismissal of this case." (*Id*.) The Court further Ordered that another copy of its June 28, 2017 Order (ECF No. 21) be sent to Plaintiff. (*Id*.) The Order directed Plaintiff shall make initial disclosures, as described in the June 28 Order, within 30 days, and reset the scheduling conference for February 7, 2018. (*Id*.)

On February 7, 2018, the Court held another Initial Scheduling Conference. (ECF No. 34.) Plaintiff telephonically appeared on his own behalf, and defense counsel telephonically appeared on behalf of Defendants. At the time of the Scheduling Conference, Plaintiff still had not made initial disclosures as previously directed on two prior occasions. (*Id*. at 2.) Similarly, Plaintiff still had not filed a scheduling conference statement as required by the June 28, 2017 Order. (*Id*.) However, Plaintiff indicated that he intended to prosecute this case and that he would comply with Court orders. (*Id*. at 2-3.) The Court discussed the initial disclosure requirements of its June 28, 2017 Order with Plaintiff. (*Id*. at 3.) The Court explained that Plaintiff needed to give Defendants a list of the persons who know about his case and describe

documents relevant to the case. (*Id*.) The Court answered any questions about initial disclosures. (*Id*.)

Following the scheduling conference, the Court ordered that "Plaintiff provide Defendants with initial disclosures within 30 days of this order." (*Id*.)

On March 15, 2018, Defendants Komin and Mitchell filed a motion to dismiss for failure to comply with Court Orders. (ECF No. 37-1.) Defendants stated that, as of the date of the motion, Plaintiff still had not complied with any of the Court's Orders. (*Id*. at 2.) Defendants request involuntary dismissal pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. (*Id*. at 1.)

The Court held a motion hearing on Defendants' motion to dismiss on April 13, 2018. (ECF No. 38.) At as of the date of these Findings and Recommendations, Plaintiff has not filed a response to Defendants' motion to dismiss. (ECF No. 37 at 3.) Plaintiff failed to appear personally or telephonically for the April 13 motion hearing. Defense counsel appeared in person and indicated that, as of the date of hearing, Plaintiff still had not made any disclosures or responded to her attempts to communicate with him regarding this case. Defense counsel confirmed that the motion to dismiss had been served on Plaintiff.

**II.    ANALYSIS**

The Court will recommend dismissal of this case based upon Plaintiff's failure to comply with Court Orders and failure to prosecute. First, Plaintiff has failed to comply with the Court's Jun 28, 2017 (ECF No. 21) Order Requiring Initial Disclosures despite having been given multiple opportunities and having received multiple explanations concerning the requirements of the Order. Second, Plaintiff has failed to appear for multiple hearings, including the hearing on this motion to dismiss. Finally, Plaintiff's compliance failures have continued despite being expressly warned that "any further compliance failures will likely result in dismissal of this case." (ECF No. 28.)

"In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of

prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal.'" *Id.* (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Accordingly, this factor weighs in favor of dismissal.

With regard to the court's need to manage its docket, Plaintiff's failures have caused a hardship to the Court. Instead of the case moving forward, Plaintiff's failure to comply with the court orders requires the Court to use its limited resources to continually reset deadlines and hearings and issue Orders concerning Plaintiff's noncompliance.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Id.* at 642 (citing *Yourish*, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *Id.* at 643, and it is Plaintiff's failure to comply with Court Orders that is causing delay. The case is now stalled as a result. With regard to prejudice, Defendants explain that:

> Without that initial disclosure, the defense cannot confirm that it has received all documentation/evidence in plaintiff's possession, nor does the defense have the identity of individuals the plaintiff claims to have knowledge about his case and the allegations contained therein. Without the disclosure of this information, the defendants are unable to move this case forward.

(ECF No. 37-1 at 5.) Furthermore, Defense counsel has had to appear at multiple hearings and conferences where Plaintiff has failed to appear. This is an undoubtedly a costly and counterproductive exercise. Therefore, the third factor very much weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Monetary sanctions are of little use, considering Plaintiff's incarceration and *in forma pauperis* status, and given the stage of these proceedings, the preclusion of evidence or witnesses is not available. Additionally, because the dismissal being considered in this case is without prejudice, the Court is stopping

4

short of using the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal. *Id.*

After weighing the factors, the Court finds that dismissal is appropriate.

**III. RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that:

1. This action be dismissed without prejudice, based on Plaintiff's failure to prosecute this case and failure to comply with Court Orders; and
2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **April 16, 2018**          /s/ Erica P. Grosjean
                                   UNITED STATES MAGISTRATE JUDGE